UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| CHARLES MELLONS | ) | |
|---|---|---|
| | ) | |
| V. | ) | NO. 2:10-CV-20 |
| | ) | |
| THE LILLY COMPANY, INC. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff filed this suit pursuant to §§ 1140 and 1132 of Tile 29, United States Code, claiming that defendant, his former employer, unlawfully terminated his employment to prevent his "continuing participation" in the defendant's ERISA[1] Employee Benefit Plan. He asserts in his complaint that as a result of his termination he lost wages, heath insurance benefits, short term disability benefits, and long term disability benefits he would have received but for his firing.

Section 1140 makes it unlawful for an employer to discharge or otherwise discriminate against a participant or beneficiary for exercising a right to which that person is entitled under the employer's ERISA benefit plan. It provides that § 1132, which allows an ERISA participant or beneficiary to file a civil suit to enforce his rights, is available to enforce § 1140.

The defendant has filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6), (Doc. 7), arguing that plaintiff's complaint fails to state a claim for which relief can be granted. The

---

[1]29 U.S.C. § 1001, *et seq.*

motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. [2]

Defendant's primary, and determinative, argument is that plaintiff has failed to plead sufficient facts to show that defendant unlawfully terminated his employment to prevent his continued participation in the various ERISA plans maintained by defendant for its employees.

As an initial matter, when considering a Rule 12(b)(6) motion, the court must assume that all well-pleaded factual allegations in the complaint are true, and the complaint must be construed in the light most favorable to the plaintiff. *See, Inge v. Rock Fin. Corp*., 281 F.3d 613, 619 (6th Cir. 2002). However, the court "need not accept as true . . . unwarranted factual inferences." *Morgan v. Churches Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Two relatively recent Supreme Court cases have added additional layers of analysis to a court's consideration of the sufficiency of "well-pleaded facts" in a complaint. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), after noting that F.R.Civ.P. 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," the Court pointed out that a plaintiff nevertheless is required to provide "more than labels and conclusions, and a formal recitation of the elements of a cause of action . . . ."[3] The factual allegations, which are assumed to be true, "must be

---

[2]Doc. 12.

[3]550 U.S. at 555.

enough to raise a right to relief above the speculative level,"[4] and "'the pleading must contain something more . . . than . . . a statements of facts that merely creates a suspicion [of] a legally cognizable right of action."[5]

In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), the court again was called upon to discuss the adequacy of a complaint's allegations when confronted with a Rule 12(b)(6) motion to dismiss:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."*Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

---

[4] *Id*.

[5] *Id*. , quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1216.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we *1950 "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[6]

The bulk of plaintiff's complaint are conclusory statements, *e.g.*: "As a result of the discriminatory discharge, the plaintiff lost his job and his employee insurance benefits." [¶ 6]; "The plaintiff avers that the defendant employer's discharging him in order to prevent his continuing participation in the employee benefit plans provided by the defendant has been discriminatory, deliberate, malicious, and in violation of 29 U.S.C. § 1140." [¶ 9]; "The

---

[6] 129 S.Ct. at 1949-50.

defendant employer has discriminated against the plaintiff, has breached its ERISA duties and responsibilities, and has violated the plaintiff's ERISA rights . . . ." [¶ 9]; "As a result of the defendant's discrimination and ERISA violations, the plaintiff lost wages as well as [other ERISA benefits] . . ." [¶ 10].

As noted, these allegations are merely conclusory "formulaic" recitations of the elements of his cause of action. They add nothing to the *Twombly-Iqbal* analysis.

There are only three paragraphs in the complaint which arguably go beyond "formulaic" or conclusory allegations:

> 5. In late January 2009, the plaintiff advised manager Sword that his doctor had scheduled him for surgery later in February. The next week, on February 2, 2009, Sword discharged the plaintiff. Sword told plaintiff Mellons that his Knoxville supervisor Jack Schaffin had told Sword to tell the plaintiff that the company was cutting back and did want to continue paying the plaintiff's insurance premiums. The company also cancelled the plaintiff's monthly short-term disability benefits. Sword told the plaintiff to ask for his job back after he underwent his surgery and got well.
>
> 7. In furtherance of its bad faith and deliberate violation of the plaintiff's ERISA rights the defendant misrepresented to the Tennessee Department of Employment Security that the plaintiff had voluntarily resigned his position and thereby prevented the plaintiff from drawing unemployment benefits.
>
> 8. Plaintiff Mellons recovered from his surgery and was released to return to work on July 15, 2009. When the plaintiff returned to the defendant's Kingsport facility and asked for his job back, Sword told him that he would contact Schaffin in Knoxville and get back to him. When the plaintiff did not hear back from Sword he personally telephoned manager Sword in the Knoxville office. Schaffin told the plaintiff he could not rehire him.

These paragraphs in the complaint can be summed up as follows:

(1) within one week of telling Sword, his immediate supervisor, that he was scheduled

for surgery some time during the next month, Sword's superior told him to tell plaintiff that defendant was "cutting back" and did not want to continue paying plaintiff's insurance premiums; and

(2) defendant did not rehire plaintiff notwithstanding that Sword previously told plaintiff to request his job back after he had recovered from his surgery.

Plaintiff argues that Sword's statement that defendant was discharging him because it did not want to continue paying his insurance premiums is "direct evidence" of ERISA discrimination, and the remaining allegations as set forth above constitute circumstantial evidence of that discrimination. He insists that the issues raised by the defendant should be addressed through a motion for summary judgment after plaintiff is afforded the opportunity for discovery.

Today, there are few "trial lawyers" in the sense that a civil case actually goes to trial; the vast majority of cases are either settled or dismissed upon summary judgment. The lawyers expend most of their time and resources in and on discovery, and it is discovery that accounts for the exorbitant cost of litigation. In the American legal system, discovery has become the tail that wags the dog. To be candid, allowing discovery is the path of least resistance; after all, it costs the court nothing. And, absent an interlocutory appeal, it can never be challenged as a practical matter. Due to the time and expense to the litigants and sometimes to third parties as well,[7] when a complaint reveals a case that is in search of proof,

---

[7] *Twombly*, 550 U.S. at 558.

the court should resist the natural inclination to allow discovery and dismiss the case.[8]

Plaintiff has not sought to amend his complaint, so his factual allegations are not going to get any better than they are now. Plaintiff has the burden of demonstrating that the defendant had " a specific intent to violate ERISA through either direct or circumstantial evidence."[9] Are those allegations set forth in paragraphs 5, 7, and 8, if true, such direct or circumstantial evidence which – *standing alone* – would justify an inference or conclusion that defendant fired plaintiff with the *specific intent* to keep from paying his ERISA benefits?

*Iqbal* requires a complaint to state a claim for relief that is plausible on its face, i.e., that the court may reasonably infer from the factual assertions in the complaint that defendant is liable to the plaintiff.[10] The plausibility requirement is not synonymous with a *probability* requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully."[11] If "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of a line between possibility and plausibility of entitlement to relief."[12]

Sword's statement that defendant was firing plaintiff because it did not want to

---

[8] *Id*.

[9] *Schweitzer v. Teamsters Local 100,* 413 F.3d 533, 537 (6th Cir. 2005).

[10] 129 S.Ct. at 1949.

[11] *Id*.

[12] *Id*. (internal quotation marks omitted).

7

continue to pay plaintiff's insurance premiums is no more damning that a statement that defendant was firing him because it no longer wanted to pay his wages or salary. Either reason reasonably implicates an intent to cut operating costs, i.e., to save money. Sword's statement *possibly* suggests that defendant acted unlawfully, but that possibility is no greater than the possibility that defendant's motivation was to cut its operating costs.

Plaintiff's allegation in paragraph 7 of the complaint that defendant falsely represented to the Tennessee Department of Employment Security that plaintiff had voluntarily resigned is utterly irrelevant to plaintiff's ERISA claim, and adds nothing to it. The final sentence in paragraph 5 of the complaint – "Sword told the plaintiff to ask for his job back after he underwent his surgery and got well" – saves this suit from dismissal, at least for the moment. That statement is wholly inconsistent with the possibility that defendant was motivated by an intent to save money when it terminated the plaintiff. The statement was not, "apply for your old job back when the economy gets better," but rather "apply for your old job back after you have had your surgery." The inference that defendant was unlawfully motivated is extremely shaky, but it nevertheless exists. The only reasonable inference that can be drawn from this statement, if it was made, was that defendant was motivated by something other than a desire to cut its operating costs; otherwise, why invite defendant to apply for his job after he had recovered from surgery? This inference, thin as it is, bolsters to a small extent the possible inferences in the remainder of plaintiff's factual allegations.

It is respectfully recommended that defendant's motion to dismiss, (Doc. 7), be

denied.[13]

Defendant devotes a great deal of argument in its reply brief regarding the plaintiff's entitlement *vel non* to back pay. In light of the recommendation that defendant's Rule 12(b)(6) motion to dismiss be denied, there is no compelling reason to now address the issue of whether plaintiff is entitled to back pay if he otherwise prevails in this suit. Accordingly, if this court declines to dismiss plaintiff's suit, it is further recommended that defendant's argument regarding the availability of back pay be determined at a later time.

Respectfully submitted,

        s/ Dennis H. Inman
United States Magistrate Judge

---

[13] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).