UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHARLES MELLONS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-20 |
| | ) | |
| THE LILLY COMPANY, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of defendant, The Lilly Company, Inc. ("Lilly"), to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, [Doc. 17]. Plaintiff has responded, [Doc. 19]. For the reasons which follow, the motion will be DENIED.

### I. Background

Plaintiff filed his complaint against Lilly on January 29, 2010, alleging "discriminatory discharge and deliberate interference with his ERISA-protected benefits claims . . . premised upon the provisions of 29 U.S.C. § 1140 and § 1132," [Doc. 1, ¶ 1]. Lilly responded to the complaint with a motion to dismiss, [Doc. 7]. Lilly's motion was referred to the United States Magistrate Judge for a Report and Recommendation. In his Report and Recommendation filed on January 26, 2011, the Magistrate Judge recommended that the motion be denied, [Doc. 13]. This Court overruled Lilly's objection, adopted the Report and Recommendation, and denied the motion to dismiss on February 18, 2011, [Doc. 15]. Lilly's answer was filed on March 4, 2011, [Doc. 16], and no further activity has occurred in the case since that date until the filing of the instant motion, nor has a scheduling order has been entered pursuant to Rule 16.

## II. Analysis

Lilly seeks dismissal of the complaint pursuant to Rule 41(b) because "Plaintiff has not taken any action or given any indication he intends to pursue his 'extremely shaky' claims at any time during the year following entry of the Magistrate's Report and Recommendation." Plaintiff, through counsel, responds that, had his attorney "realized that the defendant was concerned that proceedings in this case were not moving at a rapid enough pace for it, the parties' attorneys could have held a FRCP #26(f) discovery planning meeting and contacted the Court to request that a Rule #16 scheduling conference be held." Counsel further responds that he has not "disobeyed any court order, has not abused the judicial process, and has not impeded the defendant from conducting discovery." [Doc. 19 at pp. 1, 2].

Although the Court agrees that his case should have proceeded well beyond its current procedural posture, the Court is constrained to agree with plaintiff that the delay is not the fault of the plaintiff and that dismissal is simply not warranted under the circumstances presented in this case. Lilly faults plaintiff for not conducting discovery since the entry of the Court's order denying the motion to dismiss; however, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . .," Fed. R. Civ. P. 26(d)(1), and the Rule 26(f) conference is not required until "at least 21 days before a scheduling conference is to be held . . ." Fed. R. Civ. P. 26(f)(1). Thus, it does not appear that plaintiff could have sought discovery absent a stipulation or a court order.

To the extent there is fault for the failure to schedule a Rule 26(f) conference, that fault lies with the Court. It is the Court's usual procedure for the Clerk to schedule a Rule 16 conference immediately upon the filing of an answer in the case. For reasons that are not apparent here, that

did not happen in this case. Furthermore, either the plaintiff or the defendant could have requested a Rule 16 scheduling conference and the entry of a scheduling order.

### III.  Conclusion

For these reasons, the motion to dismiss for failure to prosecute is DENIED and, although it is long overdue, the Clerk is DIRECTED to schedule an expedited scheduling conference pursuant to Federal Rule of Civil Procedure 16.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

3